IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | |
| JASON ROBERT HODGES, | ) | CASE NO. CR406-88 |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Jason Robert Hodges seeks reconsideration of this Court's February 1, 2008 Order denying his motion for sentence modification. (Docs. 32 & 33.) For the following reasons, the Motion for Reconsideration is **GRANTED**.

### BACKGROUND

On July 13, 2006, Defendant was sentenced in the Superior Court of Chatham County to eight years imprisonment for the sale of a controlled substance.[1] His sentence was to be served concurrently to a second state sentence for violation of probation.[2] The Final Disposition in Superior Court stated that "Defendant is under federal indictment and the State of Georgia has no control of the federal gov[ernment's] sentencing." It also stated that "the State does not state this sentence will run concurrent to any federal sentence."

---

[1] This offense is Criminal Action No. CR06-1224-AB.
[2] Criminal Action No. CR-02-1316-AB.

On March 10, 2006, Defendant was indicted in this Court, and he pleaded guilty to possession of an unregistered short-barrel shotgun (Count Six) and distribution of methamphetamine (Count Twelve). The charge for distribution of methamphetamine was based upon the same conduct which had given rise to Defendant's controlled substance conviction in Superior Court.

In preparation for sentencing, the United States Probation Office prepared a Pre-Sentence Investigation Report ("PSI"). Therein, the Probation Office described the Superior Court's sentence as follows: "8 years imprisonment; concurrent with [defendant's probation violation], but consecutive with any federal sentence." (PSI at ¶ 45.) On January 3, 2007, this Court sentenced Defendant to 120 months as to the firearm charge and 135 months as to the drug charge, to be served concurrently.

On January 8, 2008, Defendant moved to amend or correct his sentence, seeking to serve his federal and state sentences concurrently. On February 1, 2008, the Court denied Defendant's Motion to Amend/Correct the Sentence, stating that "[b]ecause the Superior Court specifically mandated that Defendant's sentence run consecutive with any federal sentence, this Court is unable to grant Defendant's request to serve his state and federal sentences concurrently." Defendant now asks the Court to reconsider its holding based upon the fact that, although the Superior Court did not mandate a concurrent sentence, neither

did it mandate a consecutive one. The Government opposes Defendant's request.

## ANALYSIS

The United States Code provides as follows with respect to multiple terms of imprisonment:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . . Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a). Section 5G1.3 of the United States Sentencing Guidelines provides further guidance to courts regarding when to impose concurrent or consecutive sentences:

> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
>
> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

(1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

(2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

(c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

As the Eleventh Circuit has explained, "[s]ections 5G1.3 and 1B1.3 interact to protect a criminal defendant from duplicative prosecutions." United States v. Bidwell, 393 F.3d 1206, 1209 (11th Cir. 2004). In determining the appropriate sentence, "§ 5G1.3(b) requires a court to take into account time served for related crimes . . . ."[3] Coloma v. Holder, 445 F.3d 1282, 1286 n.6 (11th Cir. 2006)(emphasis added).

In this case, the Probation Office made two significant errors in preparing the PSI. First, it stated that the Superior Court had explicitly ordered that the state sentence would run consecutively with any future federal sentence. In reality, the

---

[3] In an unpublished opinion, the Eleventh Circuit held that a district court's failure to consider (and a PSI's failure to mention) § 5G1.3 was sufficient to constitute plain error. United States v. Hearing, 253 Fed. Appx. 874 (11th Cir. 2007)(unpublished).

4

Superior Court explicitly withheld judgment on the issue of consecutive or concurrent sentences in state and federal court. Second, the Probation Office failed to mention - much less properly consider - section 5G1.3, as required. These errors contributed to a sentence which failed to comply with applicable guidelines and case law. Accordingly, the Court will now reconsider the appropriate sentence for each federal charge, taking into account the applicable sections of the United States Sentencing Guidelines.

I. **Federal Drug Charge (Count Twelve)**

   A. **In relation to the undischarged sentence for the state controlled substance offense**

"The intended purpose of section § 5G1.3(b) is to effectively 'credit[ ] for guidelines purposes' defendants who have already served time - generally in another jurisdiction - for the same conduct or course of conduct . . . . For instance, when a defendant serving time in state prison for drug possession receives a subsequent federal sentence for the same course of conduct, the sentences will be served concurrently to credit the time already served." United States v. Flowers, 13 F.3d 395, 397 (11th Cir. 1994) (applying an earlier but similar version of U.S.S.G § 5G1.3)(citation omitted); see also United States v. Fuentes, 107 F.3d 1515 (11th Cir. 1997)(reversing district court's imposition of a federal sentence consecutive to

5

a state sentence where § 5G1.3(b) applied)(applying an earlier, but similar version of U.S.S.G § 5G1.3).

In this case, the undischarged term of imprisonment for the state controlled substance conviction resulted from an offense that was "relevant conduct" to the federal methamphetamine charge. In addition, the state offense was part of the basis for an increase in the offense level for the federal offense. (See PSI at 11.) Therefore, subsection (b) applies to the relationship between the federal methamphetamine sentence and the state controlled substance sentence.

When applicable, subsection (b) requires a court to do two things: (1) give credit for time already served on the related state charge, and (2) impose the federal sentence to run concurrently to the related state sentence. In this case, Defendant had served 9.5 months of his related state sentence when he was sentenced by this Court.[4] The Court originally determined that Defendant should serve 135 months as to the methamphetamine charge. Pursuant to § 5G1.3(b), Defendant shall therefore receive an 9.5-month reduction,[5] for a sentence of

---

[4] Defendant was arrested March 24, 2006 for the state controlled substance violation, and he was sentenced in this Court on January 3, 2007.
[5] Defendant began serving his related state sentence on March 24, 2006 and was sentenced for the federal offense on January 3, 2007.

6

125.5 months imprisonment.[6] This sentence shall be served concurrently to the state sentence for the controlled substance offense (CR06-1224-AB).

### B. In relation to the undischarged state sentence for probation violation

Application Note 3(C) to § 5G1.3 provides that "[s]ubsection (c) applies in cases in which the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole, or supervised release revoked . . . . [T]he Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation."

The Court is faced with an apparent conflict, then, in that the sentence for the federal methamphetamine charge is required to run <u>concurrently</u> to the state controlled substances sentence, as explained above, but <u>consecutively</u> to the state probation violation sentence. These two state sentences are being served concurrently to one another.

In circumstances such as this, Application Note 4 provides the court with discretion to fashion an appropriate sentence:

> Occasionally, the court may be faced with a complex case in which a defendant may be subject to multiple undischarged terms of imprisonment that seemingly

---

[6] As suggested by Application Note 2(C) to § 5G1.3, the Court notes that this sentence includes a sentence reduction imposed pursuant to § 5G1.3(b) for a period of imprisonment that will not be credited by the Bureau of Prisons.

7

call for the application of different rules. In such a case, the court may exercise its discretion in accordance with subsection (c) to fashion a sentence of appropriate length and structure it to run in any appropriate manner to achieve a reasonable punishment for the instant offense.

Application Note 4, U.S.S.G. § 5G1.3.

In this case, the Court has found that the appropriate sentence for the federal drug charge should run concurrently to the state controlled substances sentence. Because the state controlled substances sentence runs concurrent to the state probation violation sentence, it is **ORDERED** that the 125.5-month sentence for the federal methamphetamine offense shall run concurrently to <u>both</u> state sentences.[7] Furthermore, as noted above, Defendant shall receive credit for time already served on the state controlled substance sentence.

## II. Federal Firearm Charge (Count Six)

With respect to the relationship between the federal firearm conviction and the state sentences, which involve unrelated conduct, § 5G1.3(c) of the United States Sentencing

---

[7] The Government expresses concern that permitting either federal sentence to run concurrently to the state sentence for probation violation will render that state sentence without effect. If that is so, however, it is a result of the state court judge's imposition of concurrent sentences, which this court cannot change. In order to prevent duplicitous prosecution of the conduct giving rise to the drug convictions, the Court finds it necessary to order the federal drug charge to run concurrent to the state charge for probation violation as well. This determination is firmly within the Court's discretion.

Guidelines applies. As a starting point, therefore, the Court may impose the sentence to run "concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." As explained above, however, the Sentencing Guideline Commission recommends that a federal sentence be run consecutively to any undischarged term of sentence resulting from a state violation of probation. § 5G1.3, Application Note 3(C). Accordingly, the 120-month sentence for Count Six of the Indictment (the firearm charge) is hereby **ORDERED** to run consecutively to both of the state sentences.

## CONCLUSION

The amended sentences for Defendant's federal offenses are as follows:

| | |
|---|---|
| Count Twelve: <br> (methamphetamine) | **125.5 months imprisonment**, to be served concurrently to the state sentences corresponding to Criminal Action Numbers CR06-1224-AB and CR-02-1316-AB. |
| Count Six: <br> (firearm) | **120 months imprisonment**, to be served consecutively to the state sentences corresponding to CR06-1224-AB and CR-02-1316-AB, but concurrently to any portion of the sentence for Count Twelve which remains after completion of the state sentences. <br><br> Three years supervised release with all of the attendant conditions imposed in the previous judgment. |

> The conditions involving payment of criminal monetary penalties ($200.00) and denial of federal benefits (for five years) remain in effect as set forth in the original judgment in this case.

As a practical result of this Order, Defendant receives a reduction of fifteen months in the amount of his federal sentence that he will serve consecutively to his state sentences.

SO ORDERED this 21st day of May, 2008, nunc pro tunc, January 3rd, 2007.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA